IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **EDMOND ORENSTEIN,**<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>　　　　　　　　　Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No.  2:10CV348 DAK |

　　　　This matter is before the court on (1)  Defendant's Motion in Limine to Exclude Testimonial Evidence Pursuant to Utah Code § 78B-3-422; (2) Defendant's Motion in Limine to Exclude the Expert Testimony of Michael Tirgan, M.D.; (3)  Plaintiff's Motion in Limine to Exclude Medical Literature; and (4) Plaintiff's Motion in Limine to Exclude Opinions of James Howard, MD.  A hearing on the motions in limine was held on February 14, 2013.  At the hearing, Plaintiff Edmond Orenstein ("Mr. Orenstein") was represented by S. Clark Newhall.  Defendant United States of America (the "United States") was represented by Amy J. Oliver, Jeffrey E. Nelson, and Daniel D. Price.  Having considered the memoranda submitted by the parties, and having further considered the law and the facts relating to these motions, the court renders the following Order.

**I.	Defendant's Motion in Limine to Exclude Testimonial Evidence Pursuant to Utah Code § 78B-3-422**

　　　　The United States seeks to preclude testimonial evidence by Mr. Orenstein pertaining to An alleged conversation he had with his treating physician, Dr. Rachael Horn, regarding the outcome of his May 13, 2009, surgery.   Mr. Orenstein apparently seeks to testify that Dr. Horn

said that "she was sorry" and that she "never should have done the [first] surgery." The United States claims that Dr. Horn told Mr. Orenstein that she was sorry that he had lost his vision but claims that Dr. Horn never said that she should not have performed the surgery.

In a civil action relating to an unanticipated outcome of medical care, Utah law prohibits the admission of

> any unsworn statement, affirmation, gesture, or conduct made to the patient by the defendant . . . if it (a) expresses (I) apology, sympathy, commiseration, condolence, or compassion; or (ii) a general sense of benevolence; or (b) describes: (I) the sequence of events relating to the unanticipated outcome of medical care; (ii) the significance of events; or (iii) both.

Utah Code Ann.§ 78B-3-422. When a plaintiff brings suit against the United States under the FTCA, state substantive law applies. *See* 28 U.S.C. § 1346(b)(1); *Flynn v. United States*, 902 F.2d 1524, 1527 (10th Cir.1990). The question here, which the United States did not address in its motion, is whether the Utah statute is applicable in federal court in a Federal Tort Claims Act ("FTCA") lawsuit. There is no question that the Federal Rules of Evidence ("FRE") govern in federal court, and such a statement would be admissible under FRE 801(d)(2)(d). Because Defendant has not persuaded the court that the Utah statute is substantive,[1] and because there is no jury involved in the decision-making process,[2] the court will permit Mr. Orenstein to testify

---

[1] The party seeking the exclusion of evidence in limine bears the burden of showing the propriety of such exclusion. *Capuano v. Consolidated Graphics, Inc.*, 2007 WL 2688421, at * 1 (N.D.Ill. Sept. 7, 2007); *Koch v. Koch Indus., Inc.* 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998).

[2] "In bench trials, questions raised relative to the admission or exclusion of evidence become relatively unimportant, because the rules of evidence are intended primarily for the purpose of withdrawing from the jury matter which might improperly sway the verdict, and where a case is tried before the court without a jury, it is presumed on appeal that the court considered only competent evidence and disregarded any incompetent evidence." *Tosco Corp. v. Koch Indus., Inc.*, 216 F.3d 886, 896 (10th Cir. 2000).

about the conversation with Dr. Horn.  Mr. Orenstein's testimony about Dr. Horn's statements will not present a danger of unfair prejudice to Defendant as the court can reject any improper inferences suggested by any apology, expression of sympathy, other words of compassion. Moreover, the United States will ably examine Dr. Horn concerning her recollection of the conversation at issue.  Accordingly, the United States' Motion to Exclude Testimonial Evidence Pursuant to Utah Code § 78B-3-422 is denied.

## II.     Defendant's Motion in Limine to Exclude the Expert Testimony of Michael Tirgan, M.D.

The United States claims that Dr. Tirgan's opinions are inadmissible at trial because they fail to comply with FRE 702 and the reliability requirements of *Daubert*.  Dr. Tirgan, Mr. Orenstein's expert oncologist, opines that Dr. Horn, a vitreoretinal surgeon, breached the standard of care and that the breach caused Plaintiff's damages.  Among other things, the United States contends that Dr. Tirgan's medical specialty (oncology) is not the same medical specialty as that of Dr. Horn (vitreoretinal surgery), that he has never treated any patient with anticoagulants who has undergone ophthalmic surgery, and that Dr. Tirgan has failed to establish that he is knowledgeable about the applicable standard of care for the specialty of vitreoretinal surgery.[3]

Mr. Orenstein disagrees, arguing that the relevant standard of care in this case is not peculiar to the vitreoretinal surgeon.  Instead, Plaintiff argues, the standard of care is one which is uniquely in the province of the internal medicine specialist and more particularly in the

---

[3] The United States also argues that Dr. Tirgan's opinion that an ophthalmology resident breached the standard of care was not properly disclosed in his expert report and therefore should be excluded. Mr. Orenstein has not argued to the contrary.  Accordingly, this specific opinion is excluded.

3

province of the hematologist, both of which are specialties in which Dr. Tirgan is qualified.  Mr. Orenstein argues claims that the details of the relevant standard of care in this case are matters that a vitreoretinal surgeon is specifically not qualified to opine upon.

Mr. Orenstein further contends that the standard of care also involves knowledge of anticoagulant medications, their effects, the manner and frequency of INR monitoring and the relative risks of continuing, stopping, reducing or increasing the dose of medication in the circumstances.  He argues that the standard of care combines the expertise of the ophthalmologic surgeon (who determines what operation to perform and when) with the expertise of the internal medicine physician (who determines the best choice to reduce the risk of catastrophic bleeding.)  Finally, Plaintiff argues that the standard of care encompasses knowledge common to all physicians, e.g., that any physician should guard against an increased risk of postoperative bleeding, such as existed in Mr. Orenstein's situation.

The court agrees with Mr. Orenstein and finds that Dr. Tirgan's testimony satisfies FRE 702 and the standards set forth in *Daubert* and its progeny.  *See Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993).  To determine whether an expert opinion is admissible, the district court performs a two-step analysis. *102 Investors I, L.P. v. Square D Co*., 470 F.3d 985, 990 (10th Cir. 2006).  First, the court determines whether the expert is qualified by "knowledge, skill, experience, training or education" to render an opinion.  *Id*. Once the first step is satisfied, the court determines "whether the expert's opinion is reliable under the principles set forth in *Daubert*." *Id*.

Given the interplay between the urgent need for ophthalmologic surgery and the potential

risks presented by an individual taking Coumadin and Plavix and who has an INR of 3.5, the court finds that Dr. Tirgan is qualified to render his opinions and that his opinions are reliable under the principles set forth in *Daubert*.  The fact that Dr. Tirgan has no specific knowledge regarding vitreoretinal surgery or, more specifically, regarding the pars plana vitrectomy surgery that Dr. Horn performed on Mr. Orenstein will undoubtedly be thoroughly explored during the United States' cross-examination of Dr. Tirgan.

Moreover, "the usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise when a district court is conducting a bench trial," and therefore, "a judge conducting a bench trial maintains greater leeway in admitting questionable evidence, weighing its persuasive value upon presentation." *Attorney General of Oklahoma v. Tyson Foods, Inc.*, 565 F.3d 769,779-80  (10th Cir. 2009).  Accordingly, the United States' Motion in Limine to Exclude the Expert Testimony of Michael Tirgan, M.D. is denied, with the exception mentioned above in footnote 3, regarding his untimely disclosed opinion regarding the alleged breach of the standard of care by a medical resident.

### III.     Plaintiff's Motion in Limine to Exclude Medical Literature

Mr. Orenstein has moved to exclude as hearsay the medical literature that the United States has listed as trial exhibits.  Mr. Orenstein acknowledges in his motion that this literature may be referenced in the testimony of any qualified expert and that statements within the articles may be admissible under the learned treatise exception to the hearsay rule.   At the hearing on the motions, the parties agreed that the instant motion was moot because the articles would not be used for hearsay purposes.

**IV.     Plaintiff's Motion in Limine to Exclude Opinions of James Howard, MD**

Plaintiff argues that, to the extent that James Howard, M.D. relies upon the appraisal and experience of the local community of vitreoretinal surgeons for his opinion, the testimony should be excluded. The court denies this motion for the reasons set forth above regarding Dr. Tirgan's testimony and also because Dr. Howard relies upon more than simply his appraisal of the local community for his opinions.

## CONCLUSION

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED THAT

(1) Defendant's Motion in Limine to Exclude Testimonial Evidence Pursuant to Utah Code § 78B-3-422 [Docket No. 27] is DENIED;

(2) Defendant's Motion in Limine to Exclude the Expert Testimony of Michael Tirgan, M.D. [Docket No. 28] is GRANTED in part and DENIED in part. The court will not exclude Dr. Tirgan's opinions except for his untimely disclosed opinion regarding the medical resident;

(3) Plaintiff's Motion in Limine to Exclude Medical Literature [Docket No. 29] is MOOT; and

(4) Plaintiff's Motion in Limine to Exclude Opinions of James Howard, MD [Docket No. 31] is DENIED.

DATED this 15th day of February, 2013.

BY THE COURT:

*[signature]*

DALE A. KIMBALL
United States District Judge

6